IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

BOCCI FAMILY TRUST,                    )
                                       )
            Plaintiff,                 )    TC-MD 140271N
                                       )
       v.                              )
                                       )
CLACKAMAS COUNTY ASSESSOR,             )
                                       )
            Defendant.                 )    **FINAL DECISION OF DISMISSAL**

This Final Decision of Dismissal incorporates without change the court's Decision of

Dismissal, entered on August 12, 2014. The court did not receive a request for an award of costs

and disbursements within 14 days after its Decision of Dismissal was entered. *See* TCR-MD 19.

This matter is before the court Defendant's motion to dismiss,[1] filed June 12, 2014.

Plaintiff appealed the assessment of property, identified as Account 05020302 (subject property),

for the 2011-12 and 2012-13 tax years. Defendant filed a motion to dismiss in its Answer on

June 12, 2014. A case management conference was held in this matter on June 30, 2014. The

court issued a Journal Entry, filed June 30, 2014, recording the briefing schedule agreed to by the

parties at the case management conference. The court's Journal Entry stated that by August 6,

2014, "Plaintiff will submit written arguments in response to Defendant's Motion to Dismiss

under ORS 305.288(1) and (3). * * * * * Plaintiff's failure to fulfill the agreement set out in this

Journal Entry may result in dismissal of this appeal." Plaintiff did not file written arguments per

the parties' agreement as set out in the court's Journal Entry. The court will now evaluate

Defendant's motion, without the benefit of further briefing.

/ / /

---

[1] Defendant captioned its motion as an "Answer," but the content is that of a motion to dismiss, as such the court treats Defendant's Answer as a motion to dismiss.

Defendant asserted that "there was no appeal made to the Board of Property Tax Appeals for the 2011-12 or 2012-13 tax years. The County believes that this appeal does not meet the conditions of ORS 305.288(1)." (Def's Ans at 1.) Defendant further requested that the court "make a determination whether Plaintiff's assertions meet the conditions for good and sufficient cause under ORS 305.288(3)." (*Id.*)

Oregon has a structured appeals system for taxpayers to follow when challenging the value of their property. For most appeals, the first step is to file a petition with BOPTA. ORS 309.026(2)[2] (authorizing BOPTA to hear petitions for reductions in assessed value, real market value, and maximum assessed value); ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition BOPTA for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the magistrate division if a taxpayer may appeal to BOPTA). Taxpayers are required to file appeals with the appropriate county BOPTA by December 31 of the tax year appealed. ORS 309.100(2). After BOPTA issues an order, a taxpayer has 30 days to appeal to this court under ORS 305.280(4).

In limited circumstances, this court will consider an appeal of real market value and maximum assessed value even if the taxpayer failed to file a petition with BOPTA or failed to timely appeal a BOPTA order to this court. There is no evidence that Plaintiff filed a petition with BOPTA for the subject property for any of the tax years appealed. Thus, the court must determine whether Plaintiff's appeal meets the requirements of ORS 305.288.

ORS 305.288(1)(a) requires that "the property was or is used primarily as a dwelling." The subject property was bare land as of January 1, 2013. (*See* Ptf's Am Compl at 2.) There is no evidence that there was a dwelling on the subject property during the 2011-12 or 2012-13 tax

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

year. Plaintiff's appeal does not meet the requirements of ORS 305.288(1). ORS 305.288(3) provides:

> "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

ORS 305.288(5)(b) provides the applicable definition of "good and sufficient cause":

> "(A) * * * an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and

> "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."

Plaintiff's Amended Complaint stated that the "property is landlocked and unbuildable. No appeal was filed previously because Plaintiff believed property had sufficient access and therefore was buildable (ORS 305.288)." Plaintiff's previous belief that the subject property was buildable during the 2011-12 and 2012-13 tax years is not an extraordinary circumstance.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff's appeal does not meet the requirements of ORS 305.288(3). Plaintiff identified no other good and sufficient cause for failing to pursue its statutory right of appeal. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ____ day of August 2014.


_____
ALLISON R. BOOMER
MAGISTRATE


*If you want to appeal this Final Decision of Dismissal, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed.*

*This Final Decision was signed by Magistrate Allison R. Boomer on August 29, 2014. The Court filed and entered this Final Decision on August 29, 2014.*